Filed 9/29/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| JOHN DOE, | B271508 |
| Petitioner, | (Los Angeles County Super. Ct. No. BC607529) |
| v. | |
| THE SUPERIOR COURT OF LOS ANGELES COUNTY, | |
| Respondent; | |
| POULET NIKOLAY, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDING; petition for writ of mandate. William F. Fahey, Judge. Petition granted.

The Ryan Law Firm, Kelly F. Ryan and Nathaniel P. Loakes for Petitioner.

No appearance for Respondent.

No appearance for Real Party in Interest.

_____

Petitioner John Doe seeks a writ of mandate vacating an order of the superior court directing that all future proceedings in the underlying action, brought pursuant to Civil Code section 1708.85,[1] be filed with his true name. We grant the petition, vacate the superior court's April 8, 2016 order compelling the parties to file all future documents utilizing Doe's true name, and direct the superior court to treat Confidential Information Form MC-125 as confidential and not available for public inspection.

## BACKGROUND

Section 1708.85, which became effective on July 1, 2015, provides for a private cause of action "against a person who intentionally distributes by any means a photograph, film, videotape, recording, or any other reproduction of another, without the other's consent, if (1) the person knew that the other person had a reasonable expectation that the material would remain private, (2) the distributed material exposes an intimate body part of the other person, or shows the other person engaging in an act of intercourse, oral copulation, sodomy, or other act of sexual penetration, and (3) the other person suffers general or special damages as described in Section 48a." (§ 1708.85, subd. (a).)

On January 20, 2016, Doe filed a complaint against Nikolay, alleging that Nikolay violated section 1708.85 by distributing, and threatening to distribute to Doe's employer, electronic and/or physical copies of photographs, film, videotape, recordings, depicting Doe's exposed intimate body parts or showing Doe engaging in an act of intercourse, oral copulation, sodomy, or other act of sexual penetration. The complaint was filed utilizing the pseudonym John Doe.

Section 1708.85, subdivision (f), permits a party to file such an action under a pseudonym. As required by section 1708.85, subdivision (f)(1), Doe filed and served a confidential information form, Judicial Council Confidential Information Form MC-125, which included Doe's true name and informed the court that he would be using a pseudonym throughout the course of the action. The statute requires that the "court shall keep the plaintiff's name and excluded or redacted characteristics confidential." (§

---

[1] Future references are to the Civil Code unless otherwise specified.

2

1708.85, subd. (f)(1).)  The Confidential Information Form MC-125 included Doe's true name in the body of the form.

The superior court, at some point after Doe filed the MC-125 form, posted the form on its Web site, consequently making the confidential information available to the public during the time that it was posted.

The petition alleges that during a status conference on April 8, 2016, the superior court inquired of both parties as to whether they were in compliance with section 1708.85 and California Rules of Court, rule 2.551, relating to records filed under seal.  Doe and Nikolay responded to the superior court that they were in compliance with section 1708.85 and California Rules of Court, rule 2.551, and directed the court's attention to the Confidential Information Form MC-125 filed by Doe.  The superior court requested that the court clerk determine whether the form was posted on the court's Web site. Upon the clerk's confirmation that it was posted, the superior court ordered that "all future pleadings are to be filed with the true name of the parties."

This petition followed on April 13, 2016.  We issued a temporary stay of the superior court's order and ordered that pending resolution of this petition, documents and information posted on the superior court's Web site should refer to petitioner only as John Doe.  We issued an alternative writ on May 19, 2016, and invited briefing.  Neither respondent court nor Nikolay filed an opposition to the petition or a return to our order to show cause.

Doe seeks a writ of mandate ordering respondent court to vacate the April 8, 2016 order requiring disclosure of his true name in all future pleadings.

**DISCUSSION**

Section 1708.85, which became effective on July 1, 2015, provides that a "private cause of action lies against a person who intentionally distributes by any means a photograph, film, videotape, recording, or any other reproduction of another, without the other's consent, if (1) the person knew that the other person had a reasonable expectation that the material would remain private, (2) the distributed material exposes an intimate body part of the other person, or shows the other person engaging in an act of intercourse,

3

oral copulation, sodomy, or other act of sexual penetration, and (3) the other person suffers general or special damages . . . ."  (§ 1708.85, subd. (a).)

Section 1708.85, subdivision (f)(1) specifically authorizes a plaintiff in such a civil proceeding to "proceed using a pseudonym, either John Doe, Jane Doe, or Doe, for the true name of the plaintiff and may exclude or redact from all pleadings and documents filed in the action other identifying characteristics of the plaintiff.  A plaintiff . . . shall file with the court and serve upon the defendant a confidential information form for this purpose that includes the plaintiff's name and other identifying characteristics excluded or redacted.  The court shall keep the plaintiff's name and excluded or redacted characteristics confidential."  (§ 1708.85, subd. (f)(1).)

Confidential Information Form MC-125 is marked "confidential" a total of four times.  The form is marked "Confidential" at the top and bottom; in a text block there is a notice that the form is a "Confidential Information Form under Civil Code Section 1708.85;" and the form specifically directs "TO COURT CLERK: THIS FORM IS CONFIDENTIAL."  (Judicial Council Form, form MC-125.)

Code of Civil Procedure section 367 requires that "[e]very action must be prosecuted in the name of the real party in interest, except as otherwise provided by statute."  (Code Civ. Proc., § 367.)  Here, the California Legislature has expressly provided for such an exception.  This is not unique, and California courts have affirmed the ability to proceed as a pseudonymous plaintiff under circumstances in which privacy rights are implicated.  "The judicial use of 'Doe plaintiffs' to protect legitimate privacy rights has gained wide currency, particularly given the rapidity and ubiquity of disclosures over the World Wide Web."  (*Starbucks Corp. v. Superior Court* (2008) 168 Cal.App.4th 1436, 1452, fn. 7.)  Section 1708.85 holds the court responsible for "keep[ing] the plaintiff's name and excluded or redacted characteristics confidential."  (§ 1708.85, subd. (f)(1).)  A "confidential" record is required to be closed to inspection by the public or a party.  (Cal. Rules of Court, rule 2.254 ["electronically filed document is a public document at the time it is filed unless it is . . . made confidential by law"]; rule 8.45.)

The superior court, after receiving Confidential Information Form MC-125 from Doe, stated that because the form was posted online to the court's publicly accessible Web site, it obviated the need to refer to Doe by the pseudonym, and ordered the parties to thereafter refer to Doe by his real name. This, however, is not a circumstance in which a party waived a right to keep information confidential or sealed by inadvertently disclosing it. (See, e.g., Evid. Code, § 912.) The superior court, rather than a party, caused the temporary disclosure of Doe's confidential information by mistakenly posting it on the court's Web site. Further, the superior court's April 8 order would compound the harm to Doe by taking the erroneous disclosure of the Confidential Information Form MC-125, in which some confidential information appears solely in the body of the document, and using the court's mistaken disclosure to justify an order that all future filings, including documents that will result in Doe's name becoming searchable online, include Doe's true name. This would defeat the objective of the Legislature in adopting section 1708.85.

Accordingly, we grant the petition and order respondent court to vacate its April 8, 2016 minute order. Respondent court is ordered to treat information filed on Confidential Information Form MC-125 as confidential.

## DISPOSITION

The petition is granted. The superior court's April 8, 2016 minute order is vacated. Respondent court is directed to comply with section 1708.85, subdivision (f)(1) to keep Doe's name and excluded or redacted characteristics confidential, as provided on Confidential Information Form MC-125. The parties are to bear their own costs on appeal.

**CERTIFIED FOR PUBLICATION**

                                          CHANEY, J.

WE CONCUR:

                    ROTHSCHILD, P. J.


                    LUI, J.

5